# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

William D. Bush,

Plaintiff,

vs.

Defendants

Sonoma West Holdings Inc
Michael Babbini

**CV21   8853**

William David Bush

Plaintiff

Citizen of USA,

Resident of California.

Address: 240 West St. Sebastopol,

California, 95472 U.S.A.

E-mail: williamdbush@gmail.com

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. Water sustains all life on earth. Our nation's rivers, streams, lakes, and wetlands provide food to eat and water to drink for millions of Americans; serve as habitat for thousands of species of fish and wildlife, including scores of threatened or endangered species; and give the public aesthetic, recreational, commercial, and spiritual benefits too numerous to count. It is for the protection of these waters that congress passed the Federal Water Pollution Control Act of 1972, 33 U.S.C. § 1251 et seq., commonly known as the Clean Water Act ("CWA" or the "Act").

2. Plaintiff advocates for the protection of oceans, rivers, streams, lakes, and wetlands, and for the people, animal and plant species that depend on clean water.

3. Sonoma West Holdings is an Industrial Complex Facility which sits on the Northern board of the township of Sebastopol, and directly atop the Russian River Watershed, a protected wetland and watershed for the Russian River, precedented as Waters of the United States.

4. Sonoma West Holdings Leases Industrial use facilities to a number of private businesses. The property contains a large industrial waste water treatment facility

5. Sonoma West Holdings has been cited as having an excessive number of Pollution violations noted on their permit records with the California Water Board.

6. Prior to November 2018 Sonoma West Holding's Water Treatment Facilities were being supervised and operated by Michael Babbini, a management employee of the Company; Mr Babbini does not hold the proper and required waste water treatement ceritfications to be over seeing management of the industrial waste water treatment facility located at Sonoma West Holdings property.

7. In the year of 2016 the Plaintiff by happenstance, living nearby, noticed significant environmental damage at and surrounding the Sonoma West Holdings facility- including empty barrels of hazardous chemicals wrapped with caution tape having been emptied and left as trash on site and a sizable amount of sorched vegetation.

8. The Plaintiff contacted Mr. Babbini in his mobile trailer office to report the hazardous barrels and environmental damage in the area, and to seek further information.

9. Mr Babbini was immediately hostle to the Plaintiff, telling him he didn't have to answer to anyone but the California State "Water Board people." Mr Babbini yelled at the Plainitiff to get out of his office, or he would call the Sheriff. The plaintiff got up to leave, and questioned Mr Babbini further for information on what was going on with the treatment pond on his way to the door. Mr Babbini responded that it was an industrial waste treatment facility..

10. The Plaintiff, exited the trailer noticing all of the flasks and and assortment of chemistry equipment in Mr Babbini's office.

11. Days later The Plaintiff was contacted by a Sonoma County Sheriffs officer; apparently Mr Babbini had claimed that the Plaintiff had physically assaulted him while in his office. The Plaintiff, denied such actions, explaining his reason for being at Sonoma West as related to the apparent environmental damages; the Sheriff took the report; see video recording as evidence.

12. A month later the Plaintiff received a summons on a restraining order.

13. Mr Babbini had hired a highly statured local lawfirm to seek a restraining Court order against the Plaintiff

14. The Plaintiff had no need of contacting Mr Babbini again, having already taken samples and many photos as evidence of the environmental damage and toxic chemical waste on-site at Sonoma West.

15. The Plaintiff did not oppose the Defendants restraining order request.
16. Roughly 3 months after the incident a Warrant issued by the Sonoma County District Attorney's office for Trespassing, and Assault charges against the Plaintiff.
17. Roughly 8 months later the Plaintiff was arrested by the Sebastopol Police department on that warrant issued.
18. The Plaintiff upon receiving the information from the District Attorney, and reading the Defendants accusations, scheduled a formal settlement conference with Deputies from the District Attorneys office. Representing the People for Mr Babbini and Sonoma West was Deputy DA, Aaron Frisbie
19. The Plaintiff pointed out to the Deputy that the story that Mr. Babbini claimed, without any evidence to support his criminal violence complaint, was physically impossible. The Plaintiff demonstrated to the Deputy the dynamics and the location of the injury Mr. Babbini was claiming was caused by the Plaintiff was not possible given the physical scene and scenario; further explaining the Plaintiffs legitimate reason for being there, and Mr Babbini's hostility and suggesting an alternate motive for lying and attempting to intimidate the Plaintiff.
20. The Deputy D.A. after conferring with his superiors, dropped all charges against the Plaintiff at the next scheduled court date.
21. The Plaintiff filed a wrongful arrest complaint against Mr. Babbini, Sonoma West Holdings, and his Lawyer responsible for convincing the District Attorneys Office to file charges against the Plaintiff.
22. The Defendants attorney's filed a California Anti-Slapp motion to strike (California Civil Procedure 425.16) claiming their clients were protected from civil complaints arising from false sworn statements made to police officers and perjury made under oath on record to a State court of law.  Reference (California Civil Code, § 47(b))

23. Under California State Law the intentional wrongful act of perjury is in conflict as a crime under Penal Code § 118 and a privilege under California Civil Code, § 47(b)*

24. The District Attorney's office refused to file charges for perjury against Mr Babbini, and ceased correspondence with the Plainitiff on the issue.

25. Durring this time concurently, the Plaintiff had made contact with the California EPA Division, and was directed to correspond with Agent George Baker of the Department of Toxic Substances Division.

26. The Plaintiff showcased the photographic evidence and a summary explanation of the situation, requesting his direction on what to do. Agent Baker agreed there was environmental damage and instructed the Plaintiff to contract the local District Attorney for Environmental Crimes.

27. The Plaintiff followed up, Contacting Mrs. Ann Gallagher-White with the Sonoma County District Attorney's Office. Explaining the situation, and what Agent Baker had directed him to do.

28. Mrs. Gallagher-White instructed the Plaintiff to seek the Department of Fish and Wildlife to request that site location testing be done and submit the evidence required for her office to proceed with formal legal proceeding.

29. The Plaintiff contacted the local Fish and Wildlife Warden, Tiffany Wolvek, explaining the situation, and scheduled a time to meet on site for review Thursday December 7th 2017.

30. Mrs. Wolvek was required to reschedule for an emergency reason unknown at this time; and agreed to reschedule for December 10th 2017.

31. The same day the appointment was made with the Plaintiff, Mrs. Wolvek retracted and cancelled the meeting, explaining that her supervisor had spoken with one of the site location managers, and

1  decided that there was no issue, and that they would not be reviewing or taking samples for testing.

32. The Plaintiff asked to speak with her supervisor, and was directed to Ltn. James "Jim" Jones, who claimed after speaking with the site location operator had determined no testing would be conducted.

33. The Sonoma West waste treatment facility operator from the time period of 03/21/2006 up until 11/29/2018 was Michael Babbini, a management employee of Sonoma West Holdings, whom does not hold the required industrial waste management certifications to be responsible for the industrial waste facilities on Sonoma West Holdings Inc property.

**JURISDICTION & VENUE**

This Court has jurisdiction over the claims set forth herein pursuant to; 33 U.S.C § 1365 et seq. Venue is proper in this District pursuant to 33 U.S.C. § 1365(c)because the site location in conflict resides in this district, and the primary corporate property holder is registered in this district along with its acting agents and employees in these matters.

As required by the citizen suit provision, 33 U.S.C. § 1365(b), Plaintiffs provided Defendants, the State Water Board Agency, and the Administrator of the EPA with written notice of the CWA violations alleged herein. More than 60 days have passed since Plaintiffs provided their notice of intent to enforce. The Plaintiff has also provided the U.S. Attorney General, and the Administrator of the EPA copies of this Complaint.

**CLAIMS**

**Count 1**

**Water Pollution Control Act of 1972, 33 U.S.C. § 1316(e)**

The Plaintiff hereby alleges the Defendant, Sonoma West Holdings Inc operated a source in violation of the standard of performance applicable to a Industrial Class Waste Water Treatment Facility.

### Count 2
### 18 U.S. Code § 1623
### False Declarations before a Court

The Plaintiff hereby alleges Defendant, Michael Babbini, knowingly made false material declarations to a Court within the United States.

### Count 3
### Water Pollution Control Act of 1972, 33 U.S.C. § 1319 et seq

The Plaintiff hereby alleges the Defendant, Sonoma West Holdings Inc knowingly or in criminal negligence of responsibility, allowed their Waste Water treatment facilities to be operated by an unlicensed operator for a period of about 12 years.

### Request for Relief

For these reasons, Plaintiff asks the court to:

a) Hold Sonoma West Holdings in violation of the Clean Water Act.

b) Order Sonoma West Holdings Inc to pay civil penalties, as authorized by 33 U.S.C. § 1365, based on the factors set forth in 33 U.S.C. § 1319(d) and calculated in accordance with 40 C.F.R. § 19.4. Sonoma West Holdings Inc are liable for violations of 33 U.S.C. § 1317(e) and 1319 et seq. Penalties are calculated based on the following: up to $37,500 per day for each violation from March 21, 2006 through November 2, 2015; and $53,484 per day for each violation occurring after November 2, 2015 until November 29, 2018. See 40 C.F.R. § 19.4 (Adjustment of Civil Monetary Penalties for Inflation).

c) Find that Defendant Michael Babbini made false material declarations to a Court within the United States.

d) Award the Plaintiff reasonable advocation fees, costs, and damages associated with advocating a Citizens suit for the United States under the CWA.

e) Award other such relief as the Court Deems justified.

Dated: November 11th, 2021

Respectfully submitted,

By: _____

William David Bush

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Sonoma West Holdings Inc
2064 CA-116,
Sebastopol, CA 95472

State Water Resources Control Board
P.O. Box 100
Sacramento, CA 95812-0100

Michael S. Regan
Administrator
Environmental Protection Agency
1200 Pennsylvania Ave NW
Washington, DC 20460



William D. Bush is hereby providing notice of his intent to file litigation against Sonoma West Holdings, Inc. for ongoing violations of the Clean Water Act (CWA) and its operations (Permit No. CA0023655). At the expiration of sixty days from the date of this letter, William D Bush intends to file suit under the CWA's citizen suit provision, 33 U.S.C. § 1365, and will seek declaratory and injunctive relief, civil penalties and all other relief authorized by law for these violations.

## THE CLEAN WATER ACT AND ITS REQUIREMENTS

Congress enacted the CWA in 1972 in order to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251. The CWA prohibits "the discharge of any pollutant by any person" from a point source into navigable waters unless allowed by permit. 33 U.S.C. §

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Sonoma West Holdings Inc
2064 CA-116,
Sebastopol, CA 95472

State Water Resources Control Board
P.O. Box 100
Sacramento, CA 95812-0100

Michael S. Regan
Administrator
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

William D. Bush is here by notifying you of my intent to file civil litigation against Sonoma West Holdings Inc, over the serious and ongoing violations of the Clean Water Act (CWA) and its operations (Permit No. CA0023655). At the expiration of sixty days from the date of this letter, William D Bush intends to file suit under the CWA's citizen suit provision, 33 U.S.C. § 1365, and will seek declaratory and injunctive relief, civil penalties and all other relief authorized by law for these violations.

### THE CLEAN WATER ACT AND ITS REQUIREMENTS

Congress enacted the CWA in 1972 in order to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251. The CWA prohibits "the discharge of any pollutant by any person" from a point source into navigable waters unless allowed by permit. 33 U.S.C. §

1311(a). See Ecological Rights Found. v. Pacific Lumber Co., 230 F.3d 1141, 1145 (9th Cir. 2000) (holding discharge of pollutants without permit, or in violation of permit, is illegal). The Act defines "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation ... from which pollutants are conveyed." 33 U.S.C. § 1362(14). "Pollutant" is defined to include any "industrial, municipal, and agricultural wastes" discharged into water. 33 U.S.C. § 1362(6). CWA jurisdiction extends to "navigable waters," a phrase defined as "the waters of the United States," id. § 1362(7), which include tributaries to navigable waters. Id. § 328.2(a)(5). The CWA is administered largely through its National Pollutant Discharge Elimination System (NPDES) permit program. 33 U.S.C. § 1342. The Environmental Protection Agency (EPA) may delegate this permitting system to the states. See id. § 1342(b); 40 C.F.R. § 123.61. In 1975, EPA delegated the permitting program to California's Water Board.

This provision requires citizens to send a notice letter to the owners/operators of a violating facility, EPA and the Chief Administrative Office of the state water pollution control agency before bringing suit. Id. § 1365(b). See 40 C.F.R. § 135.2. A citizen suit may proceed sixty days after the notice letter, unless either EPA or the relevant state has commenced and is diligently prosecuting a civil action in federal or state court. 33 U.S.C. § 1365(b)(1)(B). As required by the CWA, this letter provides notice of the violations that have occurred and continue to occur at the John Brown Farm. (see attached correspondence with local water authorities)

### VIOLATIONS CITED FOR PENALTY ENFORCEMENT

1. The Sonoma West Holdings waste treatment facility operator from the time period of 03/21/2006 up until 11/29/2018 was Michael

Babbini, an employee of Sonoma West Holdings Inc, Mr. Babbini does not hold the required industrial waste management certifications to be responsible for the industrial waste facilities at Sonoma West.

## RELIEF TO BE REQUESTED

To remedy these violations, we intend to ask that the court order Sonoma West Holdings Inc to pay civil penalties, as authorized by 33 U.S.C. § 1365, based on the factors set forth in 33 U.S.C. § 1319(d) and calculated in accordance with 40 C.F.R. § 19.4. Sonoma West Holdings Inc are liable for violations of 33 U.S.C. § 1317(e) and 1319 et seq. Penalties are calculated based on the following: up to $37,500 per day for each violation from March 21, 2006 through November 2, 2015; and $53,484 per day for each violation occurring after November 2, 2015 until November 29 2018. See 40 C.F.R. § 19.4 (Adjustment of Civil Monetary Penalties for Inflation).

## PARTIES GIVING NOTICE

The parties giving notice, including their full names, addresses and telephone numbers, are as follows:

William David Bush
240 West st.
Sebastopol, CA, 95472
williamdbush@gmail.com
707-829-0941

Please contact me if you would like to discuss this letter of notice or the issue at hand; Please contact me promptly if you would like to better understand facts about the Sonoma West Holdings Inc and wish to discuss effective administrative remedies for the violations showcased to the local authorities.

Sincerely,

William D. Bush
August 5, 2021