1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7    WILLIAM D. BUSH,                    Case No.  21-cv-08853-JCS
8                    Plaintiff,          **ORDER GRATING APPLICATION TO
                                         PROCEED IN FORMA PAUPERIS**
9          v.
                                         **ORDER TO SHOW CAUSE WHY
10   SONOMA WEST HOLDINGS INC, et al.    CASE SHOULD NOT BE DISMISSED**
                    Defendants.
11                                       Re: Dkt. Nos. 1, 2
12

13   **I.      INTRODUCTION**

14          Plaintiff William Bush, pro se, has applied to proceed in forma pauperis.  Dkt. 2.

15   Sufficient cause having been shown, that application is GRANTED.

16          The Court now reviews the sufficiency of Bush's complaint against Defendants Sonoma

17   West Holdings Inc. ("Sonoma West") and Michael Babbini under 28 U.S.C. § 1915(e)(2)(B).  For

18   the reasons discussed below, Bush is ORDERED TO SHOW CAUSE why this case should not be

19   dismissed, by filing a response to this order no later than March 15, 2022.  If Bush does not

20   respond to this order by that date, the case will be reassigned to a United States district judge with

21   a recommendation that it be dismissed with prejudice.

22          The case management conference previously set for February 25, 2022 is CONTINUED to

23   April 15, 2022 at 2:00 PM, to occur via Zoom webinar.

24   **II.     BACKGROUND**

25          **A.     Allegations of the Complaint**

26          Because a plaintiff's factual allegations are generally taken as true in evaluating the

27   sufficiency of a complaint, this order summarizes Bush's allegations as if true.  Nothing in this

28   order should be construed as resolving any issue of fact that might be disputed.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Defendant Sonoma West leases industrial facilities to private businesses, and its property

2    located on the Russian River watershed contains an industrial wastewater treatment facility.

3    Compl. (dkt. 1) ¶¶ 3–4.  Sonoma West has been cited for pollution violations.  *Id.* ¶ 5.  From

4    March 21, 2006 until November 29, 2018, Sonoma West employed Defendant Babbini to operate

5    its water treatment facilities.  *Id.* ¶¶ 6, 33.  Babbini did "not hold the required industrial waste

6    management certifications" necessary for that role.  *Id.*

7    Bush noticed pollution on Sonoma West's property in 2016, and confronted Babbini in his

8    office.  *Id.* ¶¶ 7–8.  Babbini yelled at Bush and told him to leave.  *Id.* ¶ 9.  Bush was later arrested

9    on charges of trespassing and assault based on a complaint by Babbini.  *Id.* ¶¶ 16–19.  The charges

10   were dismissed after Bush explained his side of the story and asserted that it was not possible

11   Babbini could have been injured by him in the manner Babbini alleged.  *Id.* ¶¶ 19–20.  Bush filed

12   a claim for wrongful arrest against Babbini, Sonoma West, and their lawyer, who responded with

13   an anti-SLAPP motion.  *Id.* ¶¶ 21–22.  The outcome of that case is not described in Bush's

14   complaint here.  *See id.*

15   Around the same time, Bush contacted the California Environmental Protection Agency,

16   and was directed to an agent with the Department of Toxic Substances Control.  *Id.* ¶ 25.  The

17   agent "agreed there was environmental damage" and instructed Bush to contact the local district

18   attorney's office, who in turn instructed him to contact the Department of Fish and Wildlife to

19   request testing of the site.  *Id.* ¶¶ 26–28.  The Department of Fish and Wildlife initially agreed to

20   schedule a test for the site, but later canceled the test after speaking with "one of the site location

21   managers" and determining there was no issue requiring testing.  *Id.* ¶¶ 29–32.

22   Bush asserts three claims: (1) that Sonoma West "operated a source in violation of the

23   standard of performance applicable to a [sic] Industrial Class Waste Water Treatment Facility," *id.*

24   at 6–7[1] (citing 33 U.S.C. § 1316(e)); (2) that Babbini "knowingly made false material declarations

25

26   [1] This portion of Bush's complaint lacks both paragraph numbers and page numbers.  Citations to
     the unnumbered portions of the complaint refer to the page numbers assigned by the Court's ECF

27   filing system.  Bush is admonished that Rule 10(b) of the Federal Rules of Civil Procedure
     requires a pleading to use numbered paragraphs for all claims asserted.  Any documents attached

28   to a complaint should be labeled as exhibits with a cover page indicating, for example, "Exhibit
     A."

1    to a Court within the United States, *id.* at 7 (citing 18 U.S.C. § 1623); and (3) that Sonoma West

2    "knowingly or in criminal negligence of responsibility, allowed their Waste Water treatment

3    facilities to be operated by an unlicensed operator for a period of about 12 years," *id.* (citing 33

4    U.S.C. § 1319 et seq.).  Bush asserts that he provided sufficient notice to the Environmental

5    Protection Agency ("EPA") and other stakeholders of his claims under the Clean Water Act

6    ("CWA"), and attaches a letter he sent on August 6, 2021, which asserts only that Babbini lacked

7    required certifications.  *Id.* at 6, 9–13.

8              **B.    Bush's Previous Case Against Sonoma West**

9              Bush filed a similar complaint in this Court on April 27, 2021against Sonoma West and

10    another entity, Stapleton Acquisition Company, asserting violations of the CWA and the

11    Endangered Species Act ("ESA").[2]  The Honorable Donna Ryu issued an order to show cause why

12    the complaint should not be dismissed, noting that while "[p]rivate individuals may bring citizen

13    suits to enforce certain terms of the CWA and ESA," Bush had not sufficiently alleged that he

14    provided notice to regulators as required to bring such an action.  *Bush v. Sonoma W. Holdings*

15    *Inc*, No. 21-cv-03069-DMR, ECF Doc. No. 6 (N.D. Cal. June 22, 2021).  When Bush failed to

16    respond within the time allowed, Judge Ryu recommended that the case be dismissed without

17    prejudice for failure to prosecute.  After the case was reassigned to the Honorable Vince Chhabria,

18    Bush moved to voluntarily dismiss the case without prejudice, and Judge Chhabria adopted Judge

19    Ryu's recommendation to do so on August 9, 2021.  *Bush v. Sonoma W. Holdings Inc*, No.

20    21-cv-03069-VC, ECF Doc. No. 11 (N.D. Cal. Aug. 9, 2021).

21    **III.    ANALYSIS**

22              **A.    Legal Standard for Review Under § 1915**

23              Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave

24    to proceed in forma pauperis, courts must engage in screening and dismiss any claims which:

25    (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

26

27    _____

[2] Over the past several years, Bush has also filed a number of other unrelated cases in this district.
28    *E.g.*, *Bush v. Walensky*, No. 4:21-cv-05825-YGR, 2021 WL 4952369 (N.D. Cal. Oct. 25, 2021)
(dismissing with prejudice a case challenging the Centers for Disease Control and Prevention's
orders regulating airline travel in response to the COVID-19 pandemic).

United States District Court
Northern District of California

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

## B.   Bush Did Not Provide Notice of Any CWA Violation Except Lack of Certification

As noted in Judge Ryu's order to show cause why Bush's previous complaint should not be dismissed, a private party asserting a claim for violation of the CWA must first provide "notice of the alleged violation (i) to the Administrator [of the EPA], (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order."  33 U.S.C. § 1365(b)(1)(A).  Here, Bush sent a letter to those parties on August 6, 2021.  Compl. at 9–13. Although that letter recited legal standards pertaining to the discharge of pollutants, the only

United States District Court
Northern District of California

1  violation it asserted was that Sonoma West's facility operator Babbini did "not hold the required

2  industrial waste management certifications."  *See id.*

3       Bush has asserted two claims against Sonoma West under the CWA in this action: one for

4  having "operated a source in violation of the standard of performance applicable to a [sic]

5  Industrial Class Waste Water Treatment Facility," *id.* at 6–7 (citing 33 U.S.C. § 1316(e)), and one

6  for having "allowed their Waste Water treatment facilities to be operated by an unlicensed

7  operator," *id.* at 7 (citing 33 U.S.C. § 1319 et seq.).  To the extent the former claim is intended to

8  mean something different from the latter, Bush is ORDERED TO SHOW CAUSE why it should

9  not be dismissed for failure to provide "notice of the alleged violation" as required by

10 § 1365(b)(1)(A), since the notice he provided addressed only Babbini's purported failure to hold

11 required certifications, which appears to be the subject of the latter of his two CWA claims.

12       **C.   Bush Has Not Provided Sufficient Allegations Regarding His CWA Claims**

13       While the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint

14 for *imperfect* statement of the legal theory supporting the claim asserted," they require at least "'a

15 short and plain statement of the claim showing that the pleader is entitled to relief,'" sufficient to

16 put the defendants on notice of the basis for the claims against them.  *See Johnson v. City of*

17 *Shelby*, 574 U.S. 10, 11 (2014) (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).  A complaint

18 must also include sufficient factual allegations, as opposed to mere "'labels and conclusions' or 'a

19 formulaic recitation of the elements of a cause of action,'" to render the claim plausible.  *Iqbal*,

20 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

21       Bush's complaint includes two citations to the CWA.  His first CWA claim cites 33 U.S.C.

22 § 1316(e), *see* Compl. at 6–7, which provides that it is unlawful to operate a new source of

23 pollutants "in violation of any standard of performance applicable to such source," with the term

24 "standard of performance" defined as "a standard for the control of the discharge of pollutants

25 which reflects the greatest degree of effluent reduction which the Administrator determines to be

26 achievable."  33 U.S.C. § 1316(a)(1), (e).  Bush's complaint identifies no particular standard of

27 performance that Sonoma West violated and provides no factual allegations as to how it allegedly

28 violated such a standard.

1   Bush's second CWA claim (his third claim overall) asserts that Sonoma West violated the

2   CWA because Babbini was an "unlicensed operator," citing only "33 U.S.C. § 1319 et seq."

3   Compl. at 7.  Section 1319 discussed generally the mechanisms for governmental enforcement of

4   the CWA, without specific reference to a requirement that individual operators of wastewater

5   facilities be licensed.  Bush has not identified a specific statute establishing such a requirement, or

6   addressed whether it falls within the limited private enforcement provision of 33 U.S.C.

7   § 1365(a)(1), which allows citizen suits only to remedy certain types of violations.

8   Bush is therefore ORDERED TO SHOW CAUSE why both of his CWA claims should not

9   be dismissed for failure to include sufficient factual allegations and references to statutory

10  authority to place Defendants on notice of the basis for his claims.

### D.   Section 1623 Provides No Private Right of Action

12  Bush's only claim against Babbini, the second claim in his complaint, is for making a false

13  statement to a court in violation of 18 U.S.C. § 1623.  The statute on which he relies provides for a

14  criminal penalty of up to five years in prison and/or a fine for knowingly making false statements

15  under oath "in any proceeding before or ancillary to any court or grand jury of the United States."

16  18 U.S.C. § 1623.  Criminal statutes in Title 18 of the United States Code are generally enforced

17  solely by the United States, and do not provide for private causes of action for civil liability.

18  Section 1623 is no exception to that general rule.  *See, e.g.*, *Wagner v. Unemployment Comp. Bd.*

19  *of Rev.*, 550 F. App'x 99, 100 (3d Cir. 2014); *Nabaya v. Byron*, 264 F. Supp. 3d 187, 190 (D.D.C.

20  2017); *Washington v. Alameda Cty. Soc. Servs.*, No. C 06-5692 SI, 2007 WL 1393766, at *4 (N.D.

21  Cal. May 9, 2007).  Bush is therefore ORDERED TO SHOW CAUSE why this claim should not

22  be dismissed.[3]

### IV.   CONCLUSION

24  For the reasons discussed above, Bush is ORDERED TO SHOW CAUSE why this case

---

[3] The Court does not reach the questions of whether Bush has sufficiently alleged that Babbini made any false statement under oath, or whether the implication that he made false statements in the context of a criminal prosecution in state (rather than federal) court could fall within the scope of the statute.  *See Wagner*, 550 F. App'x at 100 ("[T]he claim is without merit, as § 1623 applies by its terms to false declarations made in federal, not state, courts.").

should not be dismissed as frivolous and for failure to state a claim on which relief may be granted, by filing no later than March 15, 2022 either: (1) an amended complaint; or (2) a response arguing why his current complaint is sufficient.

Any amended complaint must include the caption and civil case number used in this order (21-cv-08853) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaint, any amendment may not incorporate claims or allegations of Bush's original complaint by reference, but instead must include all of the facts and claims Bush wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: February 22, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge